UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL No. 15-CR-10052-RGS

_____

UNITED STATES

v.

LUIS LOPEZ

_____

**DEFENDANT'S SENTENCING MEMORANDUM**

**INTRODUCTION**

Defendant Luis Lopez ["Lopez"] is before the Court for sentencing.  According to the Presentence Investigation Report, Lopez is an Armed Career Criminal, subject to a mandatory minimum sentence of 15 years imprisonment and a Total Offense Level of 31  under the USSG on Count 1.  According to the PSR, Lopez is also a Career Offender, yielding a Total Offense Level of 29 under the USSG on Count 2.

Lopez acknowledges that under current First Circuit precedent, he qualifies as both an Armed Career Criminal and a Career Offender.   Lopez maintains that said precedent is erroneous. Accordingly, the purpose of this memorandum is to preserve his future appellate and post-conviction rights respecting those issues.

**I.     ALLEGED PREDICATE OFFENSES.**

According to the PSR, Lopez has five predicate offenses under the Armed Career Criminal Act, (ACCA), 18 U.S.C. §924 (e)(1).  PSR, § 61.  They include two convictions for possession with

intent to distribute drugs in the New Bedford (Mass.) District Court (PSR, ¶¶44, 50); a conviction for assault with a dangerous weapon in the New Bedford District Court (PSR, ¶49); a conviction for breaking and entering in the night time in the New Bedford District Court (PSR, ¶55); and a conviction for distribution of drugs in the Bristol (Mass.) Superior Court (PSR, ¶54). According to the PSR, four of these five convictions (excluding the breaking-and-entering conviction) are also predicates qualifying Lopez as a Career Offender under USSG §4B1.1. PSR, ¶60A.

## II.   LOPEZ'S POSITION RESPECTING ALLEGED ACCA PREDICATE CONVICTIONS.

### A.   State District Court Drug Convictions (PSR, ¶¶44, 50).

Lopez maintains that neither of these two convictions should qualify as a "serious drug offense" under the ACCA because the maximum term of incarceration the defendant faced in district court was two and one-half years in the house of correction, not a "maximum term of imprisonment of ten years or more," as required by the ACCA. Moreover, according to Mass.Gen.Laws.c. 274, §1: "A crime punishable by death or imprisonment in the state prison is a felony. All other crimes a misdemeanors." Accordingly, Lopez maintains that neither of these convictions constitutes a felony conviction. The defendant recognizes and acknowledges that his position that these district court drug convictions are not ACCA predicates has been recently rejected by the Court of Appeals for the First Circuit in *United States v. Hudson*, 823 F. 3d 11, 14-15 (1st Cir. 2016). Lopez maintains that *Hudson* was wrongly decided.

### B.   State District Court Conviction for Assault with a Dangerous Weapon (PSR, ¶49).

For the reasons set forth above, Lopez maintains that his New Bedford District Court conviction for assault with a dangerous weapon should not qualify as a violent felony under the

ACCA.  Moreover, Lopez maintains that said offense does not qualify under the "force clause" of

the ACCA because such an offense can be committed without the requisite level of physical force

and without a sufficient *mens rea* to qualify as a violent felony.  Lopez recognizes and acknowledges

that his position in this regard has recently been rejected by the First Circuit in *Hudson*, 823 F 3d at

15-18.  It is Lopez's position that *Hudson* was wrongly decided in this regard.

### C. State District Court Conviction for Breaking and Entering in the Night Time (PSR, ¶55).

The PSR asserts that Lopez's conviction for breaking and entering under M.G.L.c. 266, §16

is an ACC predicate.  In taking this position, Probation relies on the Supreme Court's decision in

*Taylor v. United States*, 495 U.S. 575 (1990) and the First Circuit's decision in *United States v.*

*Duquette*, 778 F. 3d 314 (1St Cir. 2015).  Probation's reliance on *Duquette* is misplaced, and its

position is inconsistent with the recent decision of the Supreme Court in *Mathis v. United States,* ___

U.S. ____, 136 S.Ct. 2243 (2016).  Accordingly, this Court should rule that this particular conviction

does not qualify as an ACC predicate.

In *Taylor*, the Court defined generic burglary under the ACCA as "any crime, regardless of

its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or

remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 598.  In *Duquette*,

the First Circuit held that the Maine burglary statute, by "its clear and unambiguous terms," contains

all of the elements of *Taylor's* definition of generic burglary.  778 F. 3d at 318.  The Maine statute

provided, in relevant part, that a person is guilty of burglary if: "The person enters or surreptitiously

remains in a **structure** knowing that that person is not licensed or privileged to do so, with the intent

to commit a crime therein.  *Id., quoting* Me.Rev.Stat.Tit. 17-A §401 (1)(*emphasis supplied*).

The Massachusetts statute Lopez was convicted of violating, M.G.L.c. 266, §16, contrasts with the Maine statute addressed in *Duquette* in several important respects.  C. 266, §16 provides:

> Whoever, in the night time, breaks and enters a **building, ship, vessel, or vehicle,** with intent to commit a felony, or who attempts to or does break, burn, blow up or otherwise injures or destroys a **safe, vault or other depository** of money or other valuables in **any building, vehicle, or place,**  with intent to commit a larceny or felony... shall be punished....

M.G.L.c 266, §16 (*emphasis supplied*).  Because it encompasses breaking and entering into ships, vessels and vehicles, in addition to buildings, this statute is broader than *Taylor's* definition of generic burglary (and the Maine burglary statute).  Indeed, §16 does not require that a person break into a building, ship, vessel, or vehicle at all! It also encompasses breaking into, burning, blowing up, or otherwise destroying a safe, vault, or other depository of money or valuables within "any building, vehicle, or place."  Based upon this plain statutory language, a person could presumably be convicted of violating §16 if he or she is given permission to enter a building and then proceeds to break into a safe found therein.

In *Mathis*, the Supreme Court recently reaffirmed that a state offense cannot qualify as an ACCA predicate if its elements are broader than the elements of an enumerated, generic offense. 136 S.Ct. at 2251.  Moreover, the Court reaffirmed that in determining whether a state offense is broader than the corresponding generic offense, a federal sentencing court must apply the categorical approach, focusing exclusively on whether the elements of the state offense match the elements of the generic offense, while ignoring the particular facts of the case.  If the elements of the former are broader than the elements of the latter, then the former does not qualify as an ACCA predicate, even if the particular facts of the case would otherwise fit the generic definition.  How the defendant

4

actually committed the crime is irrelevant.  *Id.* at 2248, 2251, 2256-2257.

Like the Iowa burglary statute at issue in *Mathis*, the Massachusetts burglary statute at issue here is clearly broader than the generic definition of burglary enunciated in *Taylor*.  Like the Iowa burglary statute, M.G.L.c. 266, §16 simply lists alternative "means" of committing the offense of breaking and entering, not "elements" of separate, divisible offenses.  While there does not appear to be a Massachusetts Supreme Judicial Court decision explicitly characterizing the alternative locations listed in the statute as "means" rather than "elements," there is a single *mens rea* requirement, and the punishments are the same.  Thus there is  no basis to treat this statute as anything other than indivisible, hence exceeding the scope of generic burglary as defined in *Taylor*.  Accordingly, pursuant to *Mathis*, Probation erred in going beyond the statute and applying a modified categorical approach by examining case-specific documents.  The Court should hold that Lopez's prior conviction for breaking and entering does not qualify as a predicate under the ACCA.

## III.   LOPEZ'S POSITION RESPECTING ALLEGED CAREER OFFENDER PREDICATE CONVICTIONS.

For the reasons enumerated above, it is Lopez's position that his two New Bedford District Court drug convictions should not be counted as "felony convictions" under §4B1.1 of the USSG.  It is also Lopez's position that his New Bedford District Court conviction for assault with a dangerous weapon should not be treated as a felony conviction or a crime of violence under the Guidelines.  Probation agrees with Lopez that his conviction for breaking and entering in the night time does not count as a Career Offender predicate.  *See Probation Officer's Response to Defendant's Objection* #10, PSR at p. 35.  *See also United States v. Brown*, 631 F. 3d 573, 577-580 (1st Cir. 2011).

5

**CONCLUSION**

While recognizing and acknowledging that current First Circuit law is to the contrary, it is Lopez's position that he has only one qualifying predicate conviction under the ACCA and only one qualifying predicate conviction under the Career Offender provision of the Guidelines.  Accordingly, Lopez maintains that his Adjusted Offense Level  under USSG §2K2.1 (a)(3) and §2K2.1 (b)(4) is 24, his Total Offense Level is 21, and he should receive a sentence within the applicable guideline range (77-96 months imprisonment).

Respectfully submitted,

LUIS LOPEZ

By his attorney,

_____James L. Sultan /s/_____
James L. Sultan, BBO #488400
Rankin & Sultan
151 Merrimac Street, 2nd Floor
Boston, MA 02114-4717
(617) 720-0011

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF System was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 6, 2016.

_____/s/ James L. Sultan_____