UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 15-10052 |
| | ) |
| LUIS LOPEZ, | ) |
| Defendant. | ) |

**Memorandum In Support of Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255
and <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019)**

In support of his motion to vacate his conviction under 18 U.S.C. § 922(g) pursuant to 28 U.S.C. § 2255 and <u>Rehaif v. United States</u>, 139 S.Ct. 2191 (2019), Luis Lopez ("Mr. Lopez") submits the following:

I.   <u>Procedural And Factual Background</u>

On October 11, 2016, Mr. Lopez pleaded guilty to a two-count indictment (Dkt No. 1) alleging a violation of 18 U.S.C. § 922(g)(1) and of 21 U.S.C. § 841(a)(1). (Dkt. No. 58). On January 11, 2017 this Court sentenced Mr. Lopez to a term of 180 months imprisonment (to be served concurrently on each count) and to supervised release for three years. (Dkt No. 32). Mr. Lopez is currently incarcerated at Forrest City Low FCI with a scheduled release date of June 29, 2027, per the Federal Bureau of Prisons Inmate Locator information.

The indictment alleges:

> the defendant herein, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm and ammunition, to wit: a Glock, 9mm pistol, bearing serial number TBS309, and sixteen rounds of 9mm ammunition.

1

(Dkt No. 1).

At the plea colloquy, this Court informed Mr. Lopez of the elements of the felon-in-possession offense:

> Count One charges possession of a firearm and ammunition after conviction of a felony crime. A "felony crime" under federal law is a crime that has a potential sentence of a year or more attached to it. Possession, of course, has to be knowing. It can't be by accident or negligence or mistake. The government also would be required to prove that the firearm was operable or could be made easily operable by a minor repair. They would also have to prove that both the pistol, in this case the Glock that's alleged, and the ammunition, the 16 rounds, which are also alleged in the indictment, traveled in interstate commerce, that is, at some point in their life them came from either another country or another state into Massachusetts.

(Dkt. No. 82, p. 7).

The PSR assigned a criminal history category of VI to Mr. Lopez. He also was sentenced as an armed career criminal on the felon-in-possession conviction. He appealed his sentence (Dkt. No. 78), and the First Circuit affirmed the judgment. (Dkt. No. 86).

I. Legal Argument

A. Rehaif Applies To Cases On Collateral Review

In Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019), the Supreme Court held: "[t]o convict a defendant [for being a felon in possession of a firearm], the Government… must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." The Court said knowledge of status is required because it "helps to separate wrongful from innocent acts," and "the defendant's status is the 'crucial element' separating innocent from wrongful conduct." Id. at 2197.

Rehaif applies on collateral review because it is a substantive rule. Substantive rules "include decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular persons or conduct covered by the statute

2

beyond the State's power to punish." Shiro v. Summerlin, 542 U.S. 348, 351-52 (2004) (internal citations omitted). Rehaif specifically narrows the scope of the felon-in-possession crime to only those who knew of their status as a convicted felon.

      B.  A Rehaif Error Occurred Because The Element Of Knowledge Of Status Was Not Charged In The Indictment

As set forth in the facts above, an error occurred here because the indictment failed to allege the element that Mr. Lopez knew that he was a convicted felon at the time of the charged federal offense.

First, Mr. Lopez asserts that this Court did not have jurisdiction over the charged offense. *See* 18 U.S.C. Section 3231. Because the indictment failed to allege an essential element of the offense, there was no indictment that alleged a "violation of a valid federal law." United States v. Saade, 348 F.3d 33, 36. Mr. Lopez realizes that this jurisdictional argument which was not raised below seemingly has been foreclosed by United States v. Burghardt, 939 F.3d 397, 402 (1st Cir. 2019), but wishes to preserve the record for appeal/presentation to the Supreme Court.

Second, the failure of the indictment to allege the crucial element of knowledge of status violates Mr. Lopez's rights under the Fifth Amendment: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment of indictment to the Grand Jury." A defendant should not be tried on "charges that are not made in the indictment against him." Stirone v. United States, 658 U.S. 212, 217 (1960). "After an indictment has been returned its charges cannot be broadened through amendment except by the grand jury itself." Id. A constructive amendment to an indictment "is considered prejudicial per se and grounds for reversal of a conviction." United States v. Fisher, 3 F.3d 456, 462 (1st Cir. 1993).

Here, the indictment does not allege facts to suggest that the grand jury found probable cause to believe that Mr. Lopez knew his prohibited status at the time of the federal offense. Mr.

3

Lopez's conviction is thus based on broader, uncharged charges not contained in the indictment. As such, Mr. Lopez's Fifth Amendment rights were violated and his felon-in-possession conviction must be vacated.

Third, sustaining Mr. Lopez's 922(g)(1) conviction violates his Sixth Amendment rights - - - the Sixth Amendment requires that the indictment "contains the elements of the offense charged, fairly informs the defendant of the charges against him which he must defend, and enables him to enter a plea without fear of double jeopardy." United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993). "Where guilt depends so crucially upon…a specific identification of fact… [the] indictment must do more than simply repeat the language of the criminal statute." Russell v. United States, 369 U.S. 749, 764 (1962). Here, Rehaif itself said that the knowledge of status requirement "makes the difference" and "is the 'crucial element' separating innocent from wrongful conduct." Rehaif, 139 S. Ct. at 2197. Mr. Lopez's conviction must be vacated.

      C. A Rehaif Error Occurred Because Mr. Lopez Was Never Informed At The Plea Colloquy That The Government Was Required To Prove Knowledge Of Status Beyond A Reasonable Doubt

As set forth above, this Court in its plea colloquy pre-Rehaif did not advise Mr. Lopez Of the now-essential element that Mr. Lopez knew his status as a convicted felon at the time of the gun possession federal offense. Moreover, there is no evidence from the plea hearing itself that Mr. Lopez knew at the time of the offense that he was a convicted felon.

> A plea of guilty is constitutionally valid only to the extent it is voluntary' and 'intelligent.' Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463 1469, 25 L.Ed.2d 747 (1970). We have long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). Amicus contends that petitioner's plea was intelligently made because, prior to pleading guilty, he was provided with a copy of his indictment, which charged him with "using" a firearm. Such circumstances, standing alone, give rise to a presumption that the defendant was informed of the nature of the charge against him. Henderson v. Morgan, 426 U.S. 637, 647, 96 S.Ct. 2253, 2258-2259, 49 L.Ed.2d 108 (1976); id., at 650, 96 S.Ct., at 2260 (White, J., concurring). Petitioner nonetheless maintains that his guilty plea was unintelligent because the District Court subsequently misinformed him as to the elements of a §924(c)(1) offense. In other words, petitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proven, petitioner's plea would be, contrary to the view expressed by the Court of Appeals, constitutionally invalid.

Bousley v. United States, 523 U.S. 614, 618-19 (1998).

Here, there is no doubt that no one in court during this pre-Rehaif colloquy understood the crucial element that the Government had to prove beyond a reasonable doubt that Mr. Lopez knew his status as a convicted felon at the time of the federal offense. As such, Mr. Lopez's plea to the 922(g) count must be vacated.

### D. Mr. Lopez Has Established That He Was Prejudiced By The Rehaif Error And Is Entitled To Relief

A section 2555 petitioner "bear[s] the burden of established by a preponderance of the evidence that….[he is] entitled to relief." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). In cases of structural error, no particularized prejudice must be shown to obtain relief. Here, Mr. Lopez asserts that a structural error occurred for the reasons found by the Fourth Circuit in United States v. Gary, 954 F.3d 194, 203-207 (4th Cir. 2019). Although the First Circuit in Burghardt rejected Gary's analysis of structural error as applied to a pre-Rehaif plea, Mr. Lopez advances and incorporates by reference these same reasons to preserve the issue.

II.  Conclusion

For the reasons set forth above, Mr. Lopez respectfully requests that this Court vacate his conviction.

Respectfully Submitted,

LUIS LOPEZ

By his attorney,

/s/Karen A Pickett

_____
Karen A. Pickett, BBO #633801
Pickett Law Offices, PC
125 High Street, 26th Floor
Boston, MA  02110
617 423 0485
kpickettlaw@gmail.com

September 11, 2020

## CERTIFICATE OF SERVICE

I hereby certify that true copies of this document will be served on the registered parties through the ECF system on this date, September 11, 2020.

/s/Karen A. Pickett